Nancy J. WELLS, Plaintiff,

v.

OPPENHEIMER & CO., INC., Harold Seltzer and William T. Eldridge, Defendants.

No. 83 Civ. 0807 (WK).

United States District Court, S.D. New York.

June 13, 1985.

Mangone & Schnapp by Elliot Schnapp, New York City, for plaintiff.

Rogers & Wells by James N. Benedict, David A. Schulz, New York City, for defendants Oppenheimer & Co., Inc. and Seltzer.

Berger, Steingut, Weiner, Fox & Stern by Peter R. Stern, New York City, for defendant Eldridge.

## MEMORANDUM & ORDER

WHITMAN KNAPP, District Judge.

Before the Court is defendants' request under Rule 60(b) of the Federal Rules of Civil Procedure for an order vacating a prior award of attorneys' fees to plaintiff after defendants unsuccessfully moved for summary judgment. We believe that subsequent developments require that the award of fees be vacated and, accordingly, defendants' motion is granted.

## BACKGROUND

In January, 1983, plaintiff Nancy J. Wells ("Wells") brought this action to recover from an old family friend, William T. Eldridge ("Eldridge"), and from her stockbroker, Oppenheimer & Co., Inc. and one of its registered representatives (collectively "Oppenheimer"), losses that she incurred in the stock market between March, 1980 and June, 1982. After defendants successfully challenged the adequacy of plaintiff's original complaint, an amended complaint was served in May, 1983. The amended complaint sets out two causes of action under the federal securities laws based on allegations that plaintiff's brokerage account was "churned," and that various misrepresentations had been made. Plaintiff also asserted five separate state law claims based upon the same factual allegations underlying the federal causes of action.

After four months of discovery, Oppenheimer moved to dismiss the amended complaint for failure to state a claim upon which relief could be granted or, in the alternative, for summary judgment. Oppenheimer advanced three contentions in its motion: (1) that Oppenheimer was entitled to summary judgment on the churning claim because the broker did not "control" trading in the account; (2) that the allegations made by Wells failed to state any other cause of action under the federal securities laws; and (3) that, whether or not the federal claims were dismissed, plaintiff should be compelled to arbitrate any state law causes of action as required by customer agreements she had executed with Oppenheimer. Defendant Eldridge, who had no connection to Oppenheimer, subsequently joined in all aspects of Oppenheimer's motion. Wells opposed the motion and simultaneously cross-moved for summary judgment on the issue of the unsuitability of the trading conduct in her account.

By Memorandum and Order dated December 5, 1983, we denied defendants' motions for summary judgment on the churning claim, and plaintiff's cross-motion for summary judgment. In our view, there was an obvious factual dispute concerning the control of plaintiff's account that precluded summary judgment for defendants, and the alleged unsuitability of the trading raised an obvious question of fact that similarly precluded plaintiff's request for summary judgment on that issue. We did not then rule on those portions of defendants' motions which sought a dismissal of plaintiff's claims upon the ground that the amended complaint failed to state a claim upon which relief could be granted; nor did we rule on that part of defendants' motions which sought to compel arbitration of the pendent state law claims.

After entry of the December 5, 1983 Order, plaintiff moved under Rule 11 of the

Federal Rules of Civil Procedure ("Rule 11") for an award of her counsel fees required to defend against the defendants' motions. While finding no evidence that defendants had not made the motions in subjective good faith, we concluded that under Rule 11, as amended in 1983, an award of fees would nevertheless be appropriate against Oppenheimer as the original moving party, because a factual dispute seemed at that time readily discernible. However, the determination of the amount of fees to be awarded was held in abeyance until the final disposition of the case. *Wells v. Oppenheimer & Co., Inc.* (S.D.N.Y.1984) 101 F.R.D. 358.

The parties have now reached an agreement to settle this action on mutually acceptable terms, and Oppenheimer seeks relief under Rule 60(b) from the award of attorney's fees.

## DISCUSSION

Since we originally granted plaintiff's motion for fees, there have been subsequent developments that necessitate a reconsideration of that Order in the interests of justice.

First, last June we further considered that portion of defendants' original motions which sought to compel arbitration of the state law claims. On August 2, 1984, we ruled that the state law claims asserted against Oppenheimer must be severed and referred to arbitration, and further directed that those arbitration proceedings be stayed pending resolution of this case. *Wells v. Oppenheimer & Co., Inc.,* (S.D. N.Y. Aug. 2, 1984) Doc. No. 83 Civ. 0807. Although there was no direct precedent in this Circuit at that time, our holding compelling arbitration on the state claims, notwithstanding that they were factually intertwined with plaintiff's claims under the federal securities laws, was the procedure subsequently mandated by the Supreme Court in *Dean Witter Reynolds, Inc. v. Byrd* (1985) —— U.S. ——, 105 S.Ct. 1238, 84 L.Ed.2d 158. Indeed, Justice White's concurring opinion strongly suggests that

arbitration could have been compelled with respect to the entire controversy before us.

In view of these subsequent events, of the possibility that the settlement negotiations which have proved successful may well have been furthered by the manner in which defendants organized and presented their motion for summary judgment, and of the circumstances which we never doubted—that defense attorneys were at all times acting with subjective good faith— we conclude that an award of attorneys' fees under Rule 11 is no longer appropriate. The April 4, 1984 Order entered in this action is therefore vacated and our opinion, *Wells v. Oppenheimer & Co., Inc.* (S.D.N.Y.1984) 101 F.R.D. 358, is withdrawn.

SO ORDERED.